UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT HARRY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WEDBUSH SECURITIES INC., et al.,<br><br>　　　　Defendants. | Case No. 24-cv-00484-HSG   (RS)<br><br>**ORDER DENYING MOTION TO DISQUALIFY** |

　　　Pro se plaintiffs Bright Harry and Ronald S. Draper ("Plaintiffs") filed the above-captioned lawsuit against Wedbush Securities, Inc., KCG Americas LLC, Main Street Trading, Inc., Daniel B. Coleman, Greg Hostetler, Gary L. Wedbush, Patrick J. Flynn, ION Trading, Inc., Andrea Pignataro, Robert Sylverne, Computer Voice Systems, Inc., Paul Sturm, and Scott William Benz (collectively, "Defendants"), averring RICO and fraud claims, *inter alia.* This is Plaintiffs' fourth lawsuit against Defendants in the last ten years.

　　　Plaintiffs have now filed a motion to disqualify the assigned judge, the Honorable Haywood S. Gilliam Jr., United States District Judge, pursuant to 28 U.S.C. §§ 144 and 455. Judge Gilliam referred the motion to the clerk of the court for random assignment to another district judge. Civ. L. R. 3-14. The undersigned was selected randomly to consider Plaintiffs' motion brought under 28 U.S.C. § 144. For the reasons herein, Plaintiffs' motion to disqualify Judge Gilliam is denied.

　　　Plaintiffs suggest the assigned judge fraudulently presides over this case for which there is no subject matter jurisdiction, manipulates the case assignment process to the benefit of the

1  Defendants, deceitfully suppressed material evidence in a previous case involving the same
2  parties, and holds Plaintiffs as "legal hostages" in his court. Plaintiffs filed a substantially similar
3  motion to disqualify Judge Gilliam in one of the previous lawsuits against Defendants, which the
4  Honorable Charles Breyer denied on July 28, 2021. *See Harry et al v. KCG Americas LLC et al*,
5  No. 20-cv-07352-HSG ("Case No. 20-7352") Dkt. 48.

6  Section 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. Assuming the affidavit was filed timely, it fails to pass legal muster insofar as it does not allege "facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

Wading through the swamp of allegations in Plaintiffs' affidavit, no allegation reflects extrajudicial bias or prejudice against Plaintiffs. Plaintiffs' suggestion that the Court lacks subject matter jurisdiction over the case and defendants' removal was "fraudulent," as an example, is squarely within the ambit of judicial reasoning that cannot sustain a Section 144 affidavit. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (Section 144 only requires recusal "if the [alleged] bias or prejudice stems from an extrajudicial source"). Keeping the case in federal court on determination that the court does have subject matter jurisdiction does not reflect "extreme antagonistic bias" towards Plaintiffs such that disqualification is warranted. Plaintiffs' remaining allegations, including that the assigned judge "created a pattern of manipulation" to reassign all Plaintiffs' cases to him "to benefit Defendants," that he "aided and abetted Defendant's fraudulent suppression of material evidence" in a previous case involving Plaintiffs, and that he holds Plaintiffs as "Legal Hostages in this Court" are without merit. As Judge Breyer already explained to Plaintiffs, the case was assigned to Judge Gilliam not through manipulation of the case assignment process, but because the above-captioned case was related to

the previous lawsuit brought by Plaintiffs over which Judge Gilliam presided. *See* Civ. L. R. 3-12. Just as he did in Case No. 20-7352, Judge Gilliam "followed the Civil Local Rules to the letter" in relating the instant case to the previously filed one. Further, Plaintiffs' inexplicable suggestion that Judge Gilliam colluded with Defendants to suppress material evidence lacks foundation. Finally, Judge Gilliam's decision not to remand this case to state court does not suggest that he is holding Plaintiffs "hostage" in federal court. Indeed, Judge Gilliam has the authority to determine whether the district court has subject matter jurisdiction over the lawsuit or not. A judicial conclusion regarding jurisdiction cannot form the basis for a Section 144 motion. Accordingly, Plaintiffs motion to disqualify Judge Gilliam is denied.

**IT IS SO ORDERED**.

Dated: May 6, 2024

_____
RICHARD SEEBORG
Chief United States District Judge