UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT HARRY, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>WEDBUSH SECURITIES INC., et al.,<br><br>         Defendants. | Case No. 24-cv-00484-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO REMAND AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 12, 18, 19, 28, 30, 48 |

Pending before the Court are several motions to remand filed by Plaintiffs, Dkt. Nos. 12, 19, 28, 30, 48, and a motion to dismiss filed by Defendants, Dkt. No. 18. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to remand and **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.

**I. BACKGROUND**

This is the fourth case that Plaintiffs Bright Harry and Ronald S. Draper have filed against Defendants in the last ten years.[1] The parties are familiar with this lengthy history, and the Court details it here only as it is relevant to the pending motions to remand and motion to dismiss.

In 2017 and 2018, Plaintiffs filed separate (although virtually identical) pro se complaints in this district. *See Harry v. KCG Americas LLC*, No. 17-cv-02385-HSG ("*Harry Case*"); *Draper v. KCG Americas LLC*, No. 18-cv-02524-HSG ("*Draper Case*"). The cases were found related

---

[1] Defendants here include Wedbush Securities Inc., KCG Americas LLC, Main Street Trading, Inc., Daniel B. Coleman, Carl Gilmore (deceased), Greg Hostetler, Gary L. Wedbush, Patrick J. Flynn, ION Trading, Inc., Andrea Pignataro, Robert Sylverne, Computer Voice Systems, Inc., Paul Sturm, and Scott William Benz.

1  under Civil L.R. 3-12, and assigned to this Court. *See Harry Case*, Dkt. No. 97. Both cases
2  asserted claims relating to technical difficulties that Harry allegedly experienced while using an
3  electronic trading platform to trade commodity futures spreads on Draper's behalf. In 2018, the
4  Court granted motions to dismiss both the *Harry Case* and the *Draper Case*. *See Harry Case*, Dkt
5  No. 123; *Draper Case*, Dkt No. 66. The Court found that Harry lacked Article III standing to
6  recover losses associated with the capital that Draper had contributed and with which Harry had
7  traded, and that Harry failed to provide any factual support regarding any other losses that he may
8  have incurred himself. *See Harry Case*, Dkt No. 123. The Court accordingly dismissed Harry's
9  federal claims on this basis. *See id.* at 11–12. In the *Draper Case*, the Court found that Draper's
10 federal causes of action were barred by the statute of limitations. *See Draper Case*, Dkt. No. 66.
11 The Court declined to exercise supplemental jurisdiction over Harry and Draper's state law claims
12 and dismissed them without prejudice to refiling in state court. *See Harry Case*, Dkt. No. 123 at
13 12–14; *Draper Case*, Dkt. No. 66 at 9–10. Plaintiffs appealed the Court's orders and the Ninth
14 Circuit affirmed. *See Harry Case*, Dkt. No. 155; *Draper Case*, Dkt. No. 103.

15     Following the appeal, Plaintiffs jointly filed a new complaint in 2020 in this district. *See*
16 *Harry v. KCG Americas LLC*, No. 20-cv-07352-HSG ("*Joint Case*"). Although the allegations
17 were largely the same, Plaintiffs included claims against Defendants under the Racketeer
18 Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.* The case was
19 also found related to the *Harry Case* and *Draper Case* under Civil L.R. 3-12, and assigned to this
20 Court. *See Joint Case*, Dkt. Nos. 14, 16. In July 2021, the Court dismissed the *Joint Case*,
21 including the new RICO claims, on res judicata and collateral estoppel grounds. *See Joint Case*,
22 Dkt. No. 39 at 5–11. The Court also granted Defendants' motion to declare Plaintiffs vexatious
23 litigants. *Id.* at 11–15. The Court issued a prefiling order against Plaintiffs that requires them to
24 obtain leave of Court before filing any new action against Defendants in this district concerning
25 the commodities trading account. *Id.* The Court noted, however, that nothing in the order
26 precluded Plaintiffs from pursuing their state law claims in state court if they had a legal basis to
27 do so. *See id.* at 15, n.4. Plaintiffs appealed the Court's order, the Ninth Circuit affirmed, and the
28 Supreme Court denied their Petition for Writ of Certiorari. *See Joint Case*, Dkt. Nos. 53, 56, 58,

59.

In December 2023, Plaintiffs filed another action against Defendants, this time in Alameda Superior Court. *See* Dkt. No. 1, Ex. A ("Compl."). Defendants removed this action pursuant to 28 U.S.C. § 1441(a), based on the alleged RICO violations in Counts 2 and 3 of the complaint. *Id.* As before, this case was found related to the earlier cases and reassigned to this Court.[2] *See* Dkt. No. 24. In response to the removal, Plaintiffs have filed serial applications to remand this action back to state court. *See* Dkt. Nos. 12, 19, 28, 30, 48. And Defendants, in turn, have moved to dismiss the complaint. Dkt. No. 18.

## II. DISCUSSION

### A. Motion to Remand

As an initial matter, Plaintiffs suggest that removal was improper and the Court lacks subject matter jurisdiction over their claims. *See, e.g.*, Dkt. No. 12.[3] Plaintiffs point out that in the *Harry Case*, the Court found that Harry did not establish he had Article III standing to bring his federal claims and the Court accordingly lacked subject matter jurisdiction over them. *See, e.g.*, Dkt. No. 12. Plaintiffs appear to acknowledge that the claims alleged here are the same as those in their prior cases, and urge that the Court still lacks subject matter jurisdiction. *Id.* Although the Court found that only Harry lacked standing, Plaintiffs appear to argue that the Court lacks jurisdiction over all claims and the entire case should therefore be remanded. *Id.*

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court a claim filed in state court that could have initially been brought in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time

---

[2] Plaintiffs have repeatedly objected to this Court presiding over their cases. *See, e.g.*, *Joint Case*, Dkt. Nos. 18, 19, 20 (motions to void the related case orders). Following the dismissal of the *Joint Case*, Plaintiffs moved to disqualify the Court. *See Joint Case*, Dkt. No. 43. The motion to disqualify was referred to Judge Breyer, who denied it. *See Joint Case*, Dkt. No. 48. Here, Plaintiffs filed another motion to disqualify the Court. *See* Dkt. No 40. The motion was referred to Chief Judge Seeborg, who denied it. Dkt. No. 46. As Judge Breyer and Chief Judge Seeborg explained, Plaintiffs' cases have been reassigned to the Court because they have all been found related under Civil Local Rule 3-12.

[3] Plaintiffs filed serial motions to remand, but because they are substantially the same, the Court addresses the first motion, Dkt. No. 12, and **TERMINATES AS MOOT** the remaining motions.

1  before final judgment it appears that the district court lacks subject matter jurisdiction, the case
2  shall be remanded." 28 U.S.C. § 1447(c); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.
3  1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the
4  first instance."). The removing party bears the burden of establishing federal jurisdiction. *See*
5  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

Article III standing is a core component of a court's jurisdiction, without which a case cannot remain in federal court. *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit."); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203–07 (2021) (discussing Article III standing). Notably, "[t]he party invoking federal jurisdiction bears the burden of establishing" Article III's injury, redressability, and causation requirements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023) ("Upon removal, the burden to demonstrate Article III jurisdiction shifts to the Defendant as [t]he party invoking federal jurisdiction.") (quotation omitted); *Smelt v. Cnty. of Orange*, 447 F.3d 673, 632 (9th Cir. 2006) ("The burden of showing that there is standing rests on the shoulders of the party asserting it."). Where Article III standing is not established in a removed case, "the proper course is to remand for adjudication in state court." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970, n.6 (9th Cir. 2018).

Here, there is no question that the complaint raises a federal question for purposes of removal under § 1441(a): the complaint includes two claims for violations of RICO—a federal statute. *See* 28 U.S.C. § 1331 (district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."). However, this does not end the inquiry. Plaintiffs assert that remand is still necessary because the Court previously found that Harry lacked standing to bring his federal claims.[4] The key dispute, therefore, is whether remand

---

[4] Plaintiffs' brief suggestion that the Court previously found that it lacked subject matter jurisdiction over Draper's claims is simply inaccurate. *See* Dkt. No. 12 at 2 ("[F]or almost a decade, Defendants claimed that Plaintiff Draper was time-barred to pursue his federal claims in Federal Court, and thus, the federal courts have no subject matter jurisdiction to adjudicate

4

1  is required under § 1447(c) where the Court lacks subject matter jurisdiction over Harry's claims
2  but still has subject matter jurisdiction over Draper's claims.  Despite their burden, Defendants'
3  response to the motion to remand is cursory, and sidesteps this question entirely.  *See* Dkt. No. 23
4  at 4–5.  Instead, Defendants simply complain that Plaintiffs are trying to evade federal jurisdiction.
5  *Id.* ("Plaintiffs are using th[e] dismissals, to which they have shown little, if any deference, to now
6  try to avoid federal subject matter jurisdiction over the very same RICO claims they unabashedly
7  re-filed in state court.").  It is clear that both sides are jockeying for a favorable forum.[5]  The
8  Court's role is simply to determine whether this case is properly before it.

9        To the extent Plaintiffs argue that the Court must remand the entire case, the Ninth Circuit
10 has made clear that this would be improper.  Interpreting § 1447(c), the Ninth Circuit has
11 explained that "a case must be remanded only if subject matter-jurisdiction is lacking over *the*
12 *entire case*, and not over just some of the plaintiff's claims."  *See Lee v. Am. Nat'l Ins. Co.*, 260
13 F.3d 997, 1006 (9th Cir. 2001) (emphasis added).  The Court acknowledged that this approach
14 "may result in largely duplicative state and federal court proceedings . . . when it is subsequently
15 determined that some claims cannot be adjudicated in federal court."  *Id.* at 1007.  The Court
16 nevertheless concluded that a "preference against forcing the plaintiff to split up his case, both for
17 judicial economy reasons and because the plaintiff enjoys some entitlement to litigate his case as
18 he chooses to" cannot "override the language of § 1447(c) proscribing a remand of the entire case
19 when there is subject matter jurisdiction over some of it."  *Id.*

20       The Ninth Circuit in *Lee*, however, left open whether the Court could issue a partial
21 remand under § 1447(c) of only the standing-deficient claims.  *See id.* at 1006–07, & n.8; *see also*
22 *Reyes v. Checksmart Fin., LLC*, 701 F. App'x 655, 660 (9th Cir. 2017) (Bencivengo, J.,

---

Draper's federal claims . . . .").  Rather, the Court dismissed Draper's claims as barred by the statute of limitations under Federal Rule of Civil Procedure 12(b)(6), not Rule 12(b)(1).  *See Draper Case*, Dkt. No. 66 at 6–9.

[5] The Court finds Defendants' decision to remove the case to federal court particularly perplexing given their prior argument that Harry lacked Article III standing and their motion to declare Plaintiffs vexatious.  The Court is left with the same question as Plaintiffs:  "[W]hy are the same Defendants now dragging the screaming and kicking Plaintiffs back to the same federal court?"  *See* Dkt. No. 12 at 2.  The prefiling order, which Defendants requested and that remains in place, would have precluded Plaintiffs from bringing this case in this district.  But Plaintiffs chose <u>not</u> to do so, and now Defendants' removal has effectively circumvented the prefiling order.

1  concurring in part) ("The panel in *Lee* declined to address whether a partial remand of only the
2  standing-deficient claims is required or within the district court's discretion . . . . To the extent a
3  partial remand of standing deficient claims will result in duplicative litigation, such result is
4  preferable to a federal court enabling defendants to prevent plaintiffs from seeking relief for
5  claims for which they have standing in state court, but not under Article III, by removing the entire
6  case."). The Court noted that "[s]ome support for this interpretation of § 1447(c) derives from the
7  historical origins of the term 'civil action' in the removal statutes." *Lee*, 260 F.3d at 1007, n.8.
8  The Supreme Court, for its part, has similarly noted that "one might also read the [§ 1447(c)]
9  reference to 'case' to include a *claim within a case* as well as the entire case." *See Wisconsin*
10 *Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (emphasis added).

11  Neither Plaintiffs nor Defendants address whether a partial remand of Harry's claims
12 would be appropriate here. Nevertheless, given the jurisdictional ping-pong that the parties have
13 engaged in, the Court finds that a partial remand of Harry's claims would best serve the interests
14 of judicial economy and administration. *See Simon v. City & Cnty. of San Francisco*, No. 22-CV-
15 05541-JST, 2024 WL 590360, at *10 (N.D. Cal. Feb. 13, 2024) ("Partial remand is sometimes
16 appropriate even when it is not required.") (remanding claim as to one group of plaintiffs based on
17 lack of Article III standing while retaining claims of a separate group of plaintiffs under
18 § 1447(c)). If the Court simply dismissed Harry's claims outright, Harry would of course still be
19 free to refile those claims in state court. Given the lengthy history of these parties, the Court
20 expects he would do so. Defendants could then remove the case to federal court, as they did here,
21 and everyone could be caught in a perpetual loop without any court ever reaching the merits of
22 Harry's claims. This serves no one.[6] The Court therefore **DENIES** Plaintiffs' motion to remand
23 the entire case for lack of subject matter jurisdiction, but **GRANTS IN PART** the motion to
24 remand only as to Harry's claims. The Court severs Harry's claims and remands them to Alameda
25 Superior Court.

---

[6] The Court notes that if Harry filed his claims again in state court separately without Draper, and Defendants removed, § 1447(c) would *require* the Court to remand the case to state court for lack of subject matter jurisdiction over the entire action.

6

**B.     Motion to Dismiss**

The Court next considers Defendants' motion to dismiss only as it relates to Draper's claims. Defendants argue that Draper's federal RICO claims are barred by res judicata. *See* Dkt. No. 18. Res judicata, also known as claim preclusion, limits the ability of litigants to relitigate matters. The doctrine "serves to promote judicial efficiency by preventing multiple lawsuits and to enable the parties to rely on the finality of adjudications." *Dodd v. Hood River County*, 136 F.3d 1219, 1224–25 (9th Cir. 1998). Res judicata applies where there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quotation omitted). Where these factors are met, res judicata not only bars claims that were actually adjudicated in the prior action, but also *all claims that could have been raised* in that action. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).

The Court already found Draper's RICO claims to be barred by res judicata. In the *Joint Case*, the Court found that Plaintiffs' RICO claims were barred by res judicata based on the *Harry Case* and *Draper Case*:

- The cases arise out of the same transactional nucleus of facts because they are premised on the same allegations that "Defendants withheld information about the problems with their trading platform and thus fraudulently induced Plaintiffs to open an account with them." *See Joint Case*, Dkt. No. 39 at 6. There were no new factual developments underlying the RICO claims, and thus they could have been brought in the *Harry Case* and *Draper Case*. *Id.* at 6–7.
- The cases involved the same parties. *Id.* at 7–8. Although Plaintiffs attempted to substitute Gary L. Wedbush for the deceased Edward W. Wedbush in the *Joint Case*, the Court found that there was privity between the parties anyway. *Id.*
- There was a final adjudication on the merits because the Court dismissed the federal claims in the *Harry Case* and the *Draper Case* with prejudice. *Id.* at 8–11. As relevant to Draper's claims, the Court explained that "[a] dismissal on statute of limitations grounds is a judgment on the merits that operates as res judicata." *See*

7

1  *id.* at 9 (quoting *Ruiz*, 824 F.3d at 1164).

2  Draper's RICO claims in this case are indistinguishable from those raised in the *Joint Case*. *Compare* Compl. *with Joint Case*, Dkt. No. 1. Draper even acknowledges in his opposition that the present case and the *Joint Case* "involve infringement of the same right," "allege violations of the same statutes," and rely on "much of the same evidence." *See* Dkt. No. 22 at 5–6. Nothing has changed since the Court's July 1, 2021, order dismissing the RICO claims in that case (an order that the Ninth Circuit affirmed). The Court accordingly incorporates its prior analysis from the *Joint Case*, and as before, finds that all three requirements for res judicata are satisfied. *See Joint Case*, Dkt. No. 39 at 5–9. Draper's claims are still barred by res judicata based on the *Draper Case* and are now also barred based on the *Joint Case*.

Draper raises two arguments why res judicata should not apply to his RICO claims. First, he contends that there has not been a final adjudication on the merits. *See* Dkt. No. 22 at 5. Draper notes that the Court in the *Joint Case* did not explicitly state that it was dismissing his RICO claims with prejudice. *See id.* However, under Federal Rule of Civil Procedure 41(b), any dismissal "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *accord Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (applying Rule 41(b) where dismissal order did not specify whether case was dismissed with or without prejudice). The Court's order dismissing Draper's claims based on res judicata was clearly an adjudication on the merits. *See Joint Case*, Dkt. No. 39 at 15 (granting motion to dismiss as to both Plaintiffs, and directing the Clerk to enter judgment in favor of Defendants and close the file). Moreover, the *Draper Case* was explicitly dismissed with prejudice. *See Draper Case*, Dkt. No. 66 at 9 ("[B]ecause the Court finds that there are no additional facts that Plaintiff could truthfully plead that would render this claim timely, the dismissal is with prejudice."); *id.* at 10 ("Plaintiff's federal claims are DISMISSED WITH PREJUDICE.").

Draper further argues that this action does not arise out of the same transactional nucleus of facts as the *Joint Case*. *See* Dkt. No. 22 at 5–7. His opposition includes a table of what he states are the relevant facts. *See id.* at 6. These include assertions that "Draper's Claims Are

8

Timely (Not Timebarred)" and "Plaintiffs' Claims Are Timely (Not Time-barred)." *Id.* But Draper appears to misunderstand the nature of the inquiry.  It is irrelevant whether Draper agrees with the Court's prior findings that his federal claims are time-barred.  For purposes of res judicata, "[w]hether two suits arise out of the same transactional nucleus depends upon whether they are *related to the same set of facts* and whether they could conveniently be tried together." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (emphasis added).  Here, Draper's allegations in the present case are nearly identical to those in the *Draper Case* and the *Joint Case*.  In all these cases, Draper alleges that Defendants misled him into opening and maintaining a trading account on their platform by concealing the shortcomings of the platform and software.  *See, e.g.*, Compl. at ¶¶ 1, 5–8, 37–66, 81–121.  There is therefore an identity of claims across the cases.  Because the requirements for res judicata are met, Draper is precluded from relitigating the timeliness of his claims.

The Court accordingly **GRANTS** the motion to dismiss as to Draper's federal claims on res judicata grounds.  These claims are **DISMISSED WITH PREJUDICE**.  Because all of the federal claims that Draper has asserted in the complaint have been dismissed with prejudice, the Court again declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c).  These claims are **DISMISSED WITHOUT PREJUDICE**.  The Court cautions that should Draper wish to avoid removal again, he should refrain from including federal claims in any future complaint.  The Court also **DENIES** the motion to dismiss as to Harry's remanded claims.

### III. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to remand.  Dkt. No. 12.  The Court severs only Harry's claims and remands them to Alameda Superior Court.  The Court **TERMINATES AS MOOT** Plaintiffs' duplicative motions to remand.  Dkt. Nos. 19, 28, 30, 48.  The Court also **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss, Dkt. No. 18, as to Draper's claims.  Draper's federal claims are **DISMISSED WITH PREJUDICE** and his state law claims are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to (1) enter judgment in favor of Defendants as to the RICO claims

brought by Plaintiff Ronald S. Draper; (2) remand the claims brought by Plaintiff Bright Harry to Alameda Superior Court; and (3) close the case.

**IT IS SO ORDERED.**

Dated: 7/2/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge